Brennan, J.
On or about October 16, 2000, the plaintiff, Thomas Arnold, filed a complaint against the defendant, David Crowell, alleging monies due pursuant to a promissory note. Thereafter, on or about November 20, 2000, the plaintiff filed a Request for Default and Default Judgment pursuant to Mass. R. Civ. P, Rule 55(b) (3). On or about November 28, 2000, the plaintiff’s Request for Default and Default Judgment was allowed. An Execution issued against the defendant on or about March 14, 2001. On or about November 16, 2001, defendant filed a Motion to Vacate Default and Default Judgment and said Motion was subsequently denied. On or about February 7, 2002, defendant filed a Motion to Reconsider Defendant’s Motion to Vacate Default and Default Judgment, which was denied on March 28,2002. Aggrieved by the trial Judge’s Rulings, the defendant commenced this District/Municipal Courts Rules for Appellate Division Appeal, Rule 8C, appeal.
Background. On or about December 10, 1994, Plaintiff, Thomas Arnold, and Defendant, David Crowell, along with Patricia Dunn O’Connell entered into a business venture called the St. John Books Partnership. The business concerned the establishment of a book store on the island of St. John in the United States Virgin Islands. At this time the plaintiff contributed the sum of $50,000.00 and the defen *188 dant and Patricia Dunn O’Connell signed a promissory note and executed a partnership agreement. The promissory note was executed in Cape Neddick, Maine on December 10,1994. Dunn O’Connell and the defendant signed as “Guarantor.” Eventually, the business venture failed and the plaintiff filed suit for the return of his investment. Dunn O’Connell managed the partnership funds out of a bank in her hometown of Southwick, Massachusetts. Each partner was authorized to withdraw funds from the account in Massachusetts.
Plaintiff and Patricia Dunn O’Connell are residents of the Commonwealth of Massachusetts. At the time of the note signing defendant, Crowell, was a resident of the State of Maine, but later established his residence in the State of South Carolina. As of October 16,2000, the date of the filing of the complaint, the defendant was a resident of the State of South Carolina. Upon being notified of the lawsuit, Drum O’Connell immediately contacted defendant and faxed him a copy of the complaint. On or about October 25, 2000, an officer in South Carolina attempted to serve notice of the action on the defendant by leaving the summons and complaint in the hands of defendants wife at defendant’s home in South Carolina. Defendant did not respond to the summons and on November 28,2000 defendant was Defaulted and a Default Judgment entered. Thereafter, an Execution entered on March 14, 2001. An action on the Massachusetts judgment was commenced in South Carolina. Nearly a year after the default entered the defendant filed his Motion to Remove Default and Vacate the Default Judgment.
Issues. The issues presented for review are as follows:
1. Is the judgment in the underlying action void for lack of personal jurisdiction?
2. Was it within the discretion of the trial court to deny the defendant’s Motion for Reconsideration of Denial of Defendant’s Motion to Vacate Default Judgment?
3. If it was within the discretion of the trial court, did the court abuse its discretion in denying the defendant s Motion to Vacate Default Judgment and Motion for Reconsideration of Denial of Defendant’s Motion to Vacate Default Judgment?
In this matter the Appellant asserts that regardless of the sufficiency of the service the court has no personal jurisdiction over him. Appellant relies on the theory that the Appellee has failed to establish minimum contacts with the Commonwealth of Massachusetts. Further, Appellant alleges that the establishment of personal jurisdiction must fail as the Appellee has failed to contradict the affidavits filed by Appellant.
It is well established that in order to obtain personal jurisdiction over a nonresident it must be established that the nonresident had minimum contacts with the Commonwealth of Massachusetts and that the service on the nonresident was proper. Massachusetts General Laws Chapter 223A, §2 provides that “a court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, this commonwealth as to any cause of action.” Further, Massachusetts General Laws Chapter 223A, §3 provides, in part, that
A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person’s
(a) transacting any business in the commonwealth
(b) contracting to supply services or things in the commonwealth.
*189 Further, a court may exercise personal jurisdiction over a nonresident who maintains a principal place of business within the Commonwealth.
In this case the “Promissory Note” was prepared and executed in Cape Ned-dick, Maine, the “Partnership Agreement” states that “the partnership’s name shall be the St. John Books Partnership and its principal office shall be at 6-0-B Hansen Bay, St. John, USVI, 00830,” and that “the Partnership shall establish its primary bank account in Southwick, Massachusetts. All withdrawals from these accounts shall be by check signed by any partner.” Where the partnership operated its financial business out of Massachusetts it appears clear that the requirement of establishing minimum contacts has been met.
The critical question is whether the service of process on Appellant was proper. In this case service was made by leaving process at Appellant's residence at 816 Hilltop Road in Elkton, Maryland. The process was delivered to the wife or girlfriend of the Appellant and there was evidence before the court that the Appellant contacted Patricia Dunn O’Connell almost immediately thereafter to discuss the matter. There was substantial evidence before the court that Appellant received actual notice of the matter and that he deliberately chose not to respond until after the default and default judgment entered.
Lastly, Appellant argues that it was error for the trial court to deny his Motion to Vacate Default Judgment and Motion For Reconsideration of Denial of Defendant’s Motion to Vacate Default Judgment. Massachusetts Rules of Civil Procedure, Rule 60(b) (4), provides that
... on motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:...
(4) the judgment is void.
This argument must fail as the default judgment against the Appellant is not void. There exist minimum contacts sufficient to establish jurisdiction and the service created actual notice to the Appellant. The decision of a trial judge will not be overturned absent a showing of a clear abuse of discretion. Here, there was no abuse of discretion in the denial of the Appellant’s motions.
In this case the exercise of personal jurisdiction was proper, the service upon the Appellant was sufficient, and the trial judge acted within his discretion in denying the motions to remove default and default judgment.
For all of the reasons stated above the appeal is dismissed.